UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-81056-Civ-Rosenberg/Brannon

ANGELA LAMBERT,

    Plaintiff(s),

vs.

WORLDWIDE MARKETING TECHNOLOGIES
CORPORATION, et al.,

    Defendant(s).
_____/

REPORT AND RECOMMENDATION

    THIS CAUSE is before the Court on Defendants Worldwide Marketing Technologies Corporation, Claudina Pennell, and Daniel Pennell (collectively, "Defendants[']") Motion for Discovery Sanctions Pursuant to Federal Rule of Civil Procedure 37 (DE 55) and *pro se* Plaintiff, Angela Lambert ("Plaintiff[']s") Response (DE 88). Also before the Court is Defendants' Motion for Perjury Sanctions (DE 78) and Plaintiff's Response (DE 97). On July 22, 2016 the Court held a hearing on both motions (DE 103). For the reasons set forth below, the Court respectfully recommends that Defendants' Motion for Discovery Sanctions Pursuant to Federal Rule of Civil Procedure 37 (DE 55) be GRANTED IN PART and DENIED IN PART, and Defendants' Motion for Perjury Sanctions (DE 78) be GRANTED IN PART and DENIED IN PART. Specifically, the Court recommends that this matter be DISMISSED WITH PREJUDICE and that Plaintiff pay Defendants' reasonable attorney's fees and costs related to the instant motions.

1

I. **BACKGROUND**

At a discovery hearing held on June 2, 2016, the undersigned ordered Plaintiff to produce her computer to Defendants for inspection by June 9, 2016, or at the latest June 10, 2016. (DE 101, 22:10-19).[1] The parties were further ordered to consult as to the date and time of said production, along with the parameters for the inspection, and if they could not work something out jointly, they were to seek Court intervention. (*Id.*); (DE 53). On June 10, 2016, Defendant filed its Motion for Discovery Sanctions Pursuant to Federal Rule of Civil Procedure 37 (DE 55) for Plaintiff's inappropriate conduct and willful refusal to comply with the Court's Order on discovery.[2] Plaintiff failed to comply with the Court's Order, stating on the record that she did not recall the Court's instructions until after having read the transcript of the June 2, 2016 hearing. (DE 109, 9:18-10:6). Plaintiff's belief was that she was ordered only to consult with opposing counsel by June 10, 2016 regarding the inspection of her computer. (*Id.*). Plaintiff did recall having been ordered by the Court to seek the assistance from the Court if she and defense counsel could not work out parameters for the inspection of her computer, but she failed to seek any Court assistance in the matter. (DE 109, 10:23-11:14). The Court held another hearing on July 22, 2016 whereby Plaintiff indicated her continued refusal to produce her computer for inspection despite acknowledging that a possible sanction for her refusal could be dismissal of her case with prejudice. (DE 109, 37:1-10).

On July 12, 2016, Defendants filed a Motion for Perjury Sanctions (DE 78), seeking severe sanctions against Plaintiff for perjury, bad faith, deceit, and obstruction of justice, in

---

[1] The Court cites to the Hearing Transcript as Docket Entry, page(s):line number(s).
[2] In their motion (DE 55), Defendants also seek a Court Order striking Counts VII and IX of Plaintiff's Complaint for failure to pay overtime wages and/or striking a document created by Plaintiff to support allegations within Counts VII and IX of Plaintiff's Complaint as having no basis in fact due to Plaintiff's refusal to produce discovery. Because this Court recommends dismissal of Plaintiff's Complaint with prejudice, it finds that this request should be denied as moot.

2

addition to monetary sanctions and dismissal of Plaintiff's claims. The issues stated therein refer to a previously filed motion (DE 46) whereby Defendants sought sanctions and dismissal of Plaintiff's Complaint for Plaintiff's use of client information to mail anonymous large envelope packages to Defendants' clients which contained copies of Plaintiff's complaints filed against Defendants. Plaintiff emailed the Court a response to Defendants' motion, indicating that she has no knowledge of the events referenced in Defendants' motion. (DE 51). Plaintiff reiterated her lack of knowledge to the Court, under penalty of perjury, of the events referenced in Defendants' motion. (DE 101, 6:21-7:16). Defendants then filed a surveillance video which showed Plaintiff at the post office mailing five large envelopes, the same date and place from which the envelopes were mailed to Defendants' customers. (DE 79). Plaintiff subsequently acknowledged on the record that she mailed the large envelope packages, but did so at the direction of her father and had no knowledge of the packages' contents. (DE 109, 25:6-10); (DE 97). Plaintiff also stated that she followed her father's instruction to refrain from looking at the outside of the envelopes. (DE 109, 26:2-7).

## II.     LEGAL STANDARD

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, if a party fails to comply with a court discovery order, the court may impose discovery sanctions, including dismissal, where the party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). In addition, the Court must order the disobedient party "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). A party's status as a *pro se* litigant does not limit the court's discretion to assess fees against that party for failure to comply with court orders. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th

Cir. 1989). Rule 37 also provides that dismissal is warranted only when two factors are met: "(1) Plaintiff has violated a court order to compel; [and] (2) Plaintiff's conduct was flagrant and willful." *Fannin v. United Space Alliance, L.L.C.*, No. 6:07-cv-1315, 2008 WL 976917, at *1 (M.D. Fla. Apr. 9, 2008) (citing *U.S. v. Certain Real Property Located at Route 1, Bryant, Ala.*, 126 F.3d 1314, 1317-18 (11th Cir. 1997)). Under Rule 37, dismissal is justified only in extreme circumstances and as a last resort. *See U.S. v. Certain Real Property Located at Route 1, Bryant, Ala.*, 126 F.3d at 1317.

### III. DISCUSSION

The Court finds that Plaintiff both violated a Court Order to compel production of her computer for inspection, and her conduct was flagrant and willful. Plaintiff first violated the Court's Order to produce her computer for inspection from the June 2, 2016 discovery hearing, and sent an extremely inappropriate and hostile email to defense counsel referencing gang-rape and comparing defense counsel to a member of ISIS. (DE 55 at 14). Even after having been warned with the possible outcome of dismissal of her case with prejudice for failure to comply with a Court Order, Plaintiff maintained that she would not produce her computer to Defendants for inspection.

The Court further finds that Plaintiff's statements that she did not know of the contents of the envelopes that she mailed or to whom they were mailed are not credible. Plaintiff had access to Worldwide Marketing Technologies Corporation's customer information as the company's former bookkeeper. Indeed, in her demand letter to Defendants, Plaintiff warns Defendants of possible significant and material damage to their reputation "both on a personal and business level" if the matter resulted in litigation based on her "extensive knowledge" about Worldwide Marketing Technologies Corporation. (DE 109, 33:6-16). Plaintiff had threatened reputational

damage to Defendants if her demand of a half million dollars was not met. (DE 109, 35:5-12). Anonymous mailings to generate such damage were made. The Court finds, by clear and convincing evidence that Plaintiff and her father, with or without the assistance of others unknown to this Court, thereupon mailed out these letters to do that damage. It beggars belief that Plaintiff was unaware of these machinations. The Court also finds, by clear and convincing evidence, that this Plaintiff attempted to deceive the Court, whilst under penalty of perjury, about her knowledge of these matters. While the documents themselves may have been public documents and, perhaps, even the addresses and identities of Defendants' customers, it is this bald faced attempt to deceive the Court that warrants punishment.

Accordingly, the Court finds that there exist extreme circumstances in this case to warrant dismissal of Plaintiff's lawsuit. Plaintiff has clearly and repeatedly stated on the record that she does not intend to comply with the Court's discovery order. She is resolute in maintaining that defiant position even knowing that it may result in the dismissal of the suit she brought. She has acted inappropriately and unprofessionally with defense counsel. Moreover, the Court finds that Plaintiff has attempted to deceive this Court on the record concerning the circumstances surrounding the mailing of certain packages to Defendants' customers.

## IV.   CONCLUSION

Accordingly, it is RECOMMENDED that:

1. Defendants' Motion for Discovery Sanctions Pursuant to Federal Rule of Civil Procedure 37 (DE 55) be GRANTED IN PART and DENIED IN PART;

2. Defendants' Motion for Perjury Sanctions (DE 78) be GRANTED IN PART and DENIED IN PART;

3. Defendants should be awarded reasonable attorney's fees and costs related to the instant motions; and

    4. This matter be DISMISSED WITH PREJUDICE.

**V.      NOTICE OF RIGHT TO OBJECT**

In accordance with 28 U.S.C. § 636(b)(1) and the Magistrate Rules of the Local Rules of the Southern District of Florida, the parties have fourteen (14) days from the date of this Report and Recommendation within which to file and serve written objections, if any, with the Honorable Robin L. Rosenberg, United States District Judge. Failure to file objections timely shall bar the parties from attacking the factual findings contained herein on appeal. *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND RECOMMENDED** in Chambers at West Palm Beach, Florida, this 27th day of July, 2016.

*/s/ Dave Lee Brannon*
DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE