Case 9:15-cv-81056-RLR   Document 127   Entered on FLSD Docket 10/06/2017   Page 1 of 11
Case: 16-15992   Date Filed: 10/06/2017   Page: (1 of 2)

FILED BY HH
Oct 6, 2017
STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. MIAMI

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

October 06, 2017

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 16-15992-FF
Case Style: Angela Lambert v. Worldwide Marketing Technologi, et al
District Court Docket No: 9:15-cv-81056-RLR

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: James O'Donnell Delaney
Phone #: 404-335-6113

Enclosure(s)

MDT-1 Letter Issuing Mandate

# UNITED STATES COURT OF APPEALS
## For the Eleventh Circuit

_____

No. 16-15992

_____

District Court Docket No.
9:15-cv-81056-RLR

ANGELA LAMBERT,

                Plaintiff - Counter
                Defendant - Appellant,

versus

WORLDWIDE MARKETING TECHNOLOGIES CORPORATION,
a Florida for-profit corporation,
CLAUDINA PENNELL,
an individual,
DANIEL PENNELL,
an individual,

                Defendants - Counter
                Claimants - Appellees.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: September 01, 2017
For the Court: DAVID J. SMITH, Clerk of Court
By: Jeff R. Patch

**ISSUED AS MANDATE 10/06/2017**

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15992
Non-Argument Calendar
_____

D.C. Docket No. 9:15-cv-81056-RLR

ANGELA LAMBERT,

                                  Plaintiff-Counter
                                Defendant-Appellant,

versus

WORLDWIDE MARKETING TECHNOLOGIES CORPORATION,
a Florida for-profit corporation,
CLAUDINA PENNELL,
an individual,
DANIEL PENNELL,
an individual,

                                  Defendants-Counter
                                Claimants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 1, 2017)

Before WILLIAM PRYOR, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Angela Lambert appeals *pro se* the dismissal of her complaint against her former employer, Worldwide Marketing Technologies Corporation, and its owners, Claudina Pennell, and Daniel Pennell. The district court dismissed Lambert's complaint as a sanction for refusing to comply with an order to produce her computer for inspection and for attempting to deceive a magistrate judge. We affirm.

## I. BACKGROUND

Lambert complained that Worldwide and the Pennells violated her federal and state civil rights and violated federal wage laws. Lambert alleged that she had been terminated in retaliation for protesting the failure of the company to comply with tax and wage laws, in violation of the Florida Public Sector Whistleblower Act, Fla. Stat. § 448.101, *et seq.*; that she had been discriminated against based on her religious beliefs and subjected to a hostile work environment, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a), and the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01(1), and discriminated against based on her age, in violation of the Florida Civil Rights Act, *id.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 623(a). Lambert also alleged that she had been denied overtime wages, in violation of the Fair Labor Standards Act, 29 U.S.C.

§ 201, *et seq.*, and that Worldwide had been unjustly enriched by its "illegal activities" and had defamed Lambert, in violation of state law.

The district court entered a scheduling order that referred all pretrial motions and discovery matters to a magistrate judge. During discovery, Lambert produced a document that recorded the allegedly unlawful actions of her employers and the overtime hours she had accumulated. Lambert testified that she had created the document on her computer and had updated the document weekly, yet when Worldwide requested a digital copy of the document, Lambert said she could not provide a digital copy. Worldwide also requested to examine Lambert's computer for vestiges of the document, but Lambert objected. The magistrate judge scheduled the discovery dispute for a hearing, but it delayed the hearing after Lambert's counsel withdrew from the case.

In the meantime, customers of Worldwide received packages mailed anonymously from Port Saint Lucie, Florida, where Lambert and her father resided. The packages contained copies of filings in Lambert's lawsuit and of a letter Lambert had sent the Pennells. In the letter, Lambert offered to settle her charge of discrimination and warned the Pennells of "irreparable . . . damage to [their] personal reputation and public image that would inevitably result from this matter dragging slowly through the court system and being aired out in the court of public opinion . . . ."

Worldwide filed an emergency motion for an order directing Lambert to cease and desist contacting its customers. Lambert opposed the motion and denied having any knowledge of the packages. When she appeared before the magistrate judge, Lambert insisted that she was ignorant of the packages, and she did not object to the issuance of a subpoena to the postmaster to provide evidence related to the mailings. Based on the lack of evidence implicating Lambert, the magistrate judge denied the motion filed by Worldwide.

The magistrate judge progressed to the issue of discovery and warned Lambert that her statements were subject to the penalties of perjury. Lambert asserted that she did not have a digital copy of the document or a computer containing a digital copy, and the magistrate judge notified Lambert that she could be sanctioned under Federal Rule of Civil Procedure 37 if she failed to comply with a court order. After Lambert stated that she used a computer with access to iCloud, the magistrate judge instructed the parties to arrange an inspection "on June 9th, or at the latest June 10th" or to notify him if they could not "work out something jointly." The magistrate judge entered an order requiring "the parties [to] consult and set a date and time, along with appropriate search parameters, by June 10, 2016[,] for an inspection of [Lambert's] computer."

On June 3, 2016, Worldwide sent Lambert an email requesting to inspect her computer on June 10, 2016, but Lambert did not respond. On June 7, 2016,

Worldwide sent a second email regarding the inspection, and Lambert responded with several questions "in the interest of setting 'appropriate search parameters.'" On June 9, 2016, Worldwide replied that it would conduct a "full and complete inspection" for evidence of the document during which Daniel Pennell would "touch" Lambert's computer. On June 10, 2016, Lambert sent an email stating that she would not provide her computer for inspection. Lambert's email stated that the reply sent by Worldwide was "extremely violent, aggressive and [having] a sadomasochistic tone" like that used by "someone like ISIS"; that its use of "the word 'touch' . . . [was] unnerving and . . . [conveyed] the idea of violating [her] and [her] privacy"; that its reply suggested the inspection would "'touch' all parts of her life and livelihood"; that she would not submit to "this kind of 'gang-rape'"; and that she would not allow "Dan[iel] Pennell . . . to be the lead 'rapist' who [would] violate [her] privacy by 'touching' [her] computer."

    Worldwide filed motions to sanction Lambert for refusing to comply with the order of discovery and for her perjury. Worldwide submitted two envelopes addressed to their customers bearing a postmark of May 12, 2016, still photographs obtained from surveillance footage recorded on May 12, and affidavits identifying Lambert as the person depicted in the photographs. The photographs showed Lambert at the Port Saint Lucie post office purchasing postage and mailing the

envelopes. The district court referred the motions filed by Worldwide to the magistrate judge.

The magistrate judge held an evidentiary hearing and warned Lambert that, if she committed perjury, she could incur a monetary penalty and her action could be dismissed with prejudice. Lambert asserted that the order of discovery required the parties only to reach an agreement for an inspection and that she was intimidated by the language used by Worldwide in its July 9 email. But Lambert acknowledged that she failed to request that the magistrate judge assist her in arranging the inspection. Lambert also asserted that her father gave her the envelopes and that she was unaware of their contents, but Worldwide urged the magistrate judge to make a contrary finding based on Lambert's involvement in mailing the packages and the inclusion of her letter threatening reputational harm.

The district court adopted the recommendation of the magistrate judge to dismiss Lambert's complaint with prejudice, but declined to tax Lambert the costs and attorney's fees incurred by Worldwide. The district court determined that Lambert violated a court order when she refused to produce her computer for inspection after being ordered to do so and after being warned of the consequences for failing to comply. The district court also determined that Lambert had attempted to deceive the magistrate judge and discredited her testimony disclaiming knowledge of the packages. Based on its "*de novo* review" of the

recommendation, Lambert's objections, and the record, the district court accepted the magistrate judge's findings as "well-reasoned and correct" and "entirely appropriate" and commended him for "show[ing] considerable restraint" when "the record would support even harsher sanctions."

## II. STANDARD OF REVIEW

We review the imposition of sanctions for abuse of discretion. *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1048 (11th Cir. 1994). Under that deferential standard, "we will affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." *GDG Acquisitions, LLC v. Gov't of Belize*, 749 F.3d 1024, 1028 (11th Cir. 2014) (internal quotation marks and citation omitted). We review factual findings of the district court for clear error. *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006).

## III. DISCUSSION

The district court may sanction a party for improper conduct by dismissing its complaint with prejudice. Under Federal Rule of Civil Procedure 37(b), if a party "fails to obey an order to provide or permit discovery," the district court may sanction the party by striking its pleadings, "dismissing [its] action . . . in whole or in part," and by taxing it "the reasonable expenses, including attorney's fees, caused by" its noncompliance. Fed. R. Civ. P. 37(b)(2)(A), (C). The district court also can dismiss a complaint under its inherent authority to manage its docket

when the plaintiff's misconduct is willful and a lesser sanction would not suffice. *Zocaras*, 465 F.3d at 483.

The district court did not abuse its discretion by dismissing Lambert's complaint with prejudice as a sanction for her misconduct. Lambert willfully violated the order directing her to produce her computer for examination. She disregarded warnings that she would be sanctioned for her failure to comply with the order, obstinately refused to cooperate with Worldwide, and challenged the meaning of the order during the sanctions hearing. Because Lambert "ignored a discovery order, . . . [she was] subject to sanctions like any other litigant." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Lambert also attempted to deceive the magistrate judge about her involvement in mailing the packages to the customers of Worldwide. While subject to the penalties for perjury, Lambert denied having any knowledge of the packages and then altered her story when confronted with photographic evidence that she mailed the packages. And the contents of the packages were patently intended to damage the relationships that Worldwide had cultivated with its customers. Lambert's deceitfulness and disrespect of the district court justified dismissing her complaint with prejudice.

Lambert challenges the dismissal of her complaint on three grounds, all of which fail. First, Lambert argues that the magistrate judge failed to advise her "of the right to a hearing" to address her objections, but no such right exists. The

district court was required to "make a de novo determination of those portions of the report . . . or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), but that provision "[did] not mandate a *de novo* hearing," *United States v. Veteto*, 701 F.2d 136, 140 (11th Cir. 1983). Second, Lambert argues that she did not consent to refer matters to the magistrate judge, but consent was not required for the district court to "designate a magistrate judge to hear and determine . . . pretrial matter[s]," like discovery, 28 U.S.C. § 636(b)(1)(A). Third, Lambert questions whether the district court adequately reviewed the magistrate judge's recommendation, but the district court conducted the *de novo* review required under section 636.

## IV. CONCLUSION

We **AFFIRM** the dismissal of Lambert's complaint with prejudice.